UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERTO RODRIGUEZ,

               Petitioner,

    - against -

ATTORNEY GENERAL,

               Respondent.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/2/11

**ORDER**

10 Civ. 3868 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

        The Court hereby adopts the Report & Recommendation ("R & R") of Magistrate

Judge James Cott and dismisses the petition for a writ of habeas corpus for lack of subject matter

jurisdiction.

## BACKGROUND

        A jury found Petitioner guilty of persistent sexual abuse and public lewdness in

violation of Penal Law §§ 130.53 and 245.00. (R &R at 3 (citing Trial Tr. at 353-57)) The

evidence presented at trial is accurately summarized in the R & R and will not be repeated here.

        On February 21, 2006, the trial court sentenced Rodriguez to concurrent terms of

two to four years' imprisonment on the persistent sexual abuse charge and to 90 days'

imprisonment on the public lewdness charge. (R & R at 3 (citing Sentence Tr. at 10)) The Court

also deemed Rodriguez a sexual offender. (R & R at 3 (citing Sentence Tr. at 10))

        Rodriguez appealed his conviction to the New York State Supreme Court,

Appellate Division, arguing that certain of his oral and written statements were improperly

admitted, and that his lawyer was ineffective in failing to move for suppression of those

statements. (R & R at 4 (citing Decl. of Paul M. Tarr in Support of Respondent's Motion to

Dismiss the Petition ("Tarr Decl."), Ex. A, at 12-29 (Dkt. No. 11))  The Appellate Division

rejected these arguments and affirmed Rodriguez's conviction on October 9, 2008.  People v.

Rodriguez, 55 A.D.3d 351, 351 (1st Dept. 2008).  Rodriguez then sought leave to appeal to the

Court of Appeals, but leave was denied leave on February 5, 2009.  (R & R at 45 (citing Tarr

Decl., Ex. H (Dkt. No. 11))

      Rodriguez next filed a motion pursuant to N.Y. Crim. Proc. L. §§ 440.10, 440.30

to vacate and set aside the judgment.  (R & R at  5 (citing Tarr Decl., Ex. I (Dkt. No. 11))

Rodriguez again argued that his trial counsel was ineffective, this time on different grounds.

(Id.)  The trial court denied that motion on July 3, 2008.  (R & R at 5 (citing Tarr Decl., Ex. K

(Dkt. No. 11))  Rodriguez then moved for leave to appeal the denial of the motion to the

Appellate Division.  The Appellate Division denied leave to appeal on September 24, 2008.  (R

& R at 5 (citing Tarr Decl., Ex. L (Dkt. No. 11)))

      After reaching his maximum release date, Rodriguez was discharged from Attica

Correctional Facility on September 11, 2009.  (See New York State Department of Correctional

Services, Inmate Lookup, Inmate DIN #06-R-1079, http://nydocslookup.docs.state.ny.us (last

visited Aug. 17, 2011)).  Rodriguez remains subject to the requirements of New York's Sex

Offender Registration Act ("SORA"), however.

      On March 24, 2010, Rodriguez filed a pro se petition for a writ of habeas corpus.

The Petition sets forth six claims for relief:  (1) evidence admitted against him at trial was not

authentic; (2) the State failed to provide him with certain discovery materials; (3) his written

confession was falsified; (4) he was improperly charged with persistent sexual abuse; (5) his trial

counsel was ineffective; and (6) his appellate counsel was ineffective.  (R & R at 7 (citing

Petition (Dkt. No. 2) at 5-11))  Rodriguez also argues that he was improperly designated a sex

offender and that SORA imposes significant limits on his liberty: "I am unlawfully register[ed] as a sex offender level 3 restraining my freedom in unlimited ways in N.Y. State and the whole U.S.A. for the rest of my life." (R & R at 6-7 (citing Petition at 11))

On July 13, 2010, this Court referred Rodriguez's petition to Magistrate Judge James Cott for an R&R. (Dkt. No. 3) Respondent subsequently filed a motion to dismiss the petition for lack of subject matter jurisdiction. (Dkt. No. 10) Respondent argued that the restrictions of SORA do not satisfy the threshold requirement, imposed by 28 U.S.C. § 2254(a), that an individual be "in custody" in order to petition for a writ of habeas corpus.

On February 15, 2011, Judge Cott issued a 19-page R&R recommending that the Court dismiss Rodriguez's petition for lack of subject matter jurisdiction. (Dkt. No. 14) Judge Cott found that a petitioner who is subject only to the requirements of SORA is not "in custody" for purposes of § 2254(a), and that accordingly this Court lacks subject matter jurisdiction to hear the petition. After obtaining an extension of time to object to the R&R, Petitioner filed written objections on March 11, 2011. (Dkt. Nos. 21, 24) Rodriguez claims, inter alia, that Judge Cott's recommendation concerning the "in custody" issue is erroneous. (Id.)

## I.     STANDARD OF REVIEW

In evaluating a Magistrate Judge's R&R, a district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). When a timely objection has been made to the Magistrate Judge's recommendations, "[the district court judge] shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). Razo v. Astrue, 2008 WL 2971670, at *3 (S.D.N.Y. July 31, 2008) (citing Pizarro v. Bartlett, 776 F. Supp. 815, 817 (S.D.N.Y. 1991)). However, "'the phrase

3

de novo determination in section 636(b)(1), as opposed to de novo hearing, was selected by

Congress 'to permit whatever reliance a district judge, in the exercise of sound judicial

discretion, chose to place on a magistrate's proposed findings and recommendations.'" Grassia

v. Scully, 892 F.2d 16, 19 (2d Cir. 1989) (quoting United States v. Raddatz, 447 U.S. 667, 676

(1980) (emphasis in original)).

## II.     THE "IN CUSTODY" REQUIREMENT AND SORA

28 U.S.C. § 2254(a) provides that "a district court shall entertain an application

for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State

court only on the ground that he is in custody in violation of the Constitution or laws or treaties

of the United States." Accordingly, in order for the district court to have jurisdiction to consider

a habeas petition, the "in custody" requirement must be satisfied. Maleng v. Cook, 490 U.S.

488, 490-91 (1989) (per curiam); see also Dessus v. Pennsylvania, 452 F.2d 557, 560 (3d Cir.

1971) ("[C]ustody is the passport to federal jurisdiction.").

Although Rodriguez disputes Judge Cott's legal determination that the SORA

requirements do not constitute "custody" under § 2254(a), he does not contest Judge Cott's

description of those requirements. As Judge Cott noted, SORA requires all convicted sex

offenders "to register with law enforcement authorities and provides for the disclosure of

information about the registrants to local law enforcement authorities, entities with vulnerable

populations, and the public at large in enumerated circumstances." (R & R at 10 (quoting Doe v.

Pataki, 481 F.3d 69, 70-71 (2d Cir. 2007)). Under SORA's three-tier classification system,

Rodriguez is a "level three" offender, and must comply with more stringent reporting

requirements than lower-level offenders. (R & R at 10-11 (citing N.Y. Correct. Law § 168-1(6)).

Rodriguez must: (1) personally verify his address with local law enforcement every 90 days; (2)

4

report to local law enforcement annually to be photographed; (3) give written notice to the state Division of Criminal Justice Services of any change of address. He must comply with these requirements for the rest of his life; failure to do so will trigger new criminal charges. (R & R at 11 (citing N.Y. Correct. Law §§ 168-h(3); 168-f(2)(b-2); 168-f(4); 168-t)).

### III. APPLICATION OF "IN CUSTODY" STANDARD TO SORA

Judge Cott acknowledged in his R & R that the term "in custody" has been interpreted by the Supreme Court to include lesser restraints on freedom than incarceration. For example, the Supreme Court has held that habeas relief is available to prisoners who have been released on parole, and may, under certain circumstances, be available to defendants who have been released on their own recognizance. See R & R at 9 (citing Jones v. Cunningham, 371 U.S. 236, 242-43 (1963); Hensley v. Municipal Court, 411 U.S. 345, 351 (1973)).

In Hensley, the Court considered a petitioner who had received a one-year sentence but who remained at large, having obtained a stay of execution pending appeal and state court collateral attack on his conviction. Hensley, 411 U.S. at 346-47. Hensley had been released on his own recognizance when first arrested, and retained that status throughout the prosecution, appeal, and collateral attack. Id. at 347. The Court noted that "[s]ince habeas corpus is an extraordinary remedy . . . its use has been limited to cases of special urgency, leaving more conventional remedies for cases in which the restraints on liberty are neither severe nor immediate." Id. at 351. The Court nonetheless determined that the bail conditions imposed on Hensley satisfied the "custody" requirement of the habeas corpus statute, because he was "subject to restraints 'not shared by the public generally,'" given his "obligation to appear 'at all times and places as ordered' by 'any court or magistrate of competent jurisdiction.'" Id. (quoting Jones, 371 U.S. at 240 and Cal. Penal Code §§ 1318.4(a), 1318.4(c)). The Court found that

5

Hensley's "freedom of movement rests in the hands of state judicial officers, who may demand his presence at any time and without a moment's notice," and emphasized that Hensley's future "incarceration [was] not . . . a speculative possibility that depends on a number of contingencies," but was rather an event that would take place "as soon as the obstacle of the stay is removed." Id. at 351-52.

While discussing Hensley, Judge Cott acknowledged that the Supreme Court stated in Maleng that "once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." Maleng, 490 U.S. at 492. The Maleng Court gave several examples of such "collateral consequences," including "inability to vote, engage in certain business, hold public office, or serve as a juror." Id. at 491-92.

Although the Second Circuit has not considered whether a convicted sex offender subject to SORA is "in custody" for purposes of federal habeas review, every circuit court to address the issue – with respect to other states' sex offender registration laws – has determined that such an offender is not "in custody." See R & R at 11-12 (citing Virsnieks v. Smith, 521 F.3d 707, 720 (7th Cir. 2008); Leslie v. Randle, 296 F.3d 518, 522-23 (6th Cir. 2002); Henry v. Lungren, 164 F.3d 1240, 1241-42 (9th Cir. 1999); McNab v. Kok, 170 F.3d 1246, 1247 (9th Cir. 1999) (per curiam); Williamson v. Gregoire, 151 F.3d 1180, 1185 (9th Cir. 1998)).

For example, in Williamson the petitioner was required by statute to register with local law enforcement annually, and state officials were authorized to release information about the petitioner as necessary to protect the public. The Ninth Circuit held that these conditions did not satisfy the "in custody" requirement, because they did not impose "a significant restraint on Williamson's physical liberty." Williamson, 151 F.3d at 1183-84. While the Williamson court

6

acknowledged that "[a] substantial disincentive to movement might be so severe as to create 'custody' for habeas purposes," it found that "the loss of a driver's license amounts to a much greater limitation on one's freedom of movement than does the . . . sex offender law," and noted that the loss of a driver's license does not constitute "custody" for habeas purposes. Id. at 1184. The court further found that the threat of new criminal charges in the event of non-compliance is insufficient to constitute "custody," because in this respect the sex offender law is "very similar to the restitution orders that other courts have found not to create custody." Id. Finally, the court noted that the purposes served by the statute were "regulatory and not punitive." Id.

Other circuit courts addressing the issue have endorsed Williamson's reasoning. See Virsnieks, 521 F.3d at 718 (Wisconsin sex offender law, which requires verification of personal information every 90 days, does not satisfy "in custody" requirement, because such "negligible effects on a petitioner's physical liberty of movement[] are insufficient to satisfy the custody requirement"); Leslie, 296 F.3d at 522 (Ohio sex offender statute, which requires verification of home address every 90 days, does not satisfy "in custody" requirement, because petitoner's "ability to move to a different community or residence is . . . not conditioned on approval by a government official . . . nor is [petitioner] prohibited from engaging in any legal activities"); Henry, 164 F.3d at 1242 (Washington sex offender law, which requires annual address verification and re-registration upon change of address, does not satisfy "in custody" requirement, because it does not impose "severe, immediate restraint on physical liberty").

In Davis v. Nassau County, 524 F. Supp. 2d 182 (E.D.N.Y. 2007), the only case to address whether New York's SORA requirements satisfy the "in custody" requirement, the court concluded that because "[SORA] . . . does not prevent petitioner from traveling and does

7

not restrain his liberty in any meaningful way," the obligation to comply with SORA's

registration requirements does not constitute "custody" for federal habeas purposes. Id.

In his R & R, Judge Cott endorsed the reasoning in Davis and recommended that

the Court dismiss the petition for lack of subject matter jurisdiction. In his objections, Rodriguez

argues that (1) the registration requirements of SORA were part of his sentence, and are therefore

not "collateral consequences" of his conviction; (2) his supervision by local law enforcement

authorities inhibits his freedom of movement and causes him embarrassment; and (3) his

underlying convictions should, in any event, be set aside.

The Court agrees with Judge Cott's reasoning. As the cases discussed above

make clear, there is overwhelming authority for the proposition that conditions such as those

imposed by SORA do not satisfy the "in custody" requirement. Although the SORA registration

requirements were imposed as part of Rodriguez's criminal sentence – and may cause Petitioner

embarrassment – this is not sufficient to provide this Court with subject matter jurisdiction. The

critical question is not whether Petitioner must meet certain conditions as a consequence of his

criminal convictions, or whether those obligations cause him embarrassment, but whether those

statutory requirements place "a significant restraint on . . . [his] physical liberty." Williamson,

151 F.3d at 183-84. While Petitioner must keep state authorities informed of his address, he is

not prevented from moving to any location he chooses, or from engaging in any lawful activity.

Accordingly, there is no significant restraint on his physical liberty.

Finally, assuming arguendo that Rodriguez has legitimate grounds for attacking

his convictions, this has no bearing on the question of whether this Court has subject matter

jurisdiction. As explained above, the requirement that a petitioner be "in custody" is a

prerequisite for the exercise of jurisdiction over the petition.

## **CONCLUSION**

The Court adopts the findings and conclusions set forth in Judge Cott's Report

and Recommendation in their entirety. The Petition for Writ of Habeas Corpus (Dkt. No. 2) is

DISMISSED for lack of subject matter jurisdiction. The Clerk of the Court is directed to close

this case. Any pending motions should be terminated as moot.

Dated: New York, New York
      September 2, 2011

SO ORDERED.

*Paul G. Gardephe*

Paul G. Gardephe
United States District Judge